## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**AES SHADY POINT, LLC,**

              **Plaintiff,**

**v.**                                                   Civil Action No.   19-CV-132-RAW

**CONTINENTAL CARBONIC
PRODUCTS, INC.
and OK FOODS, INC.,**

              **Defendants.**

---

## NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Continental Carbonic Products, Inc. ("CCPI") gives notice of the removal of Case No. CJ-2018-245 currently pending in the LeFlore County, Oklahoma District Court, to the United States District Court for the Eastern District of Oklahoma, and states as follows:

### I.       NATURE OF THE ACTION

1.       The removed case is a civil action that Plaintiff AES Shady Point, LLC ("AES/SP") filed in the LeFlore County, Oklahoma District Court.  The case is styled *AES Shady Point, LLC v. Continental Carbonic Products, Inc. and OK Foods, Inc.*, Case No. CJ-2018-245 (the "State Court Action").

2.       The State Court Action asserts a single claim for declaratory judgment regarding the applicability of a contractual indemnity provision.  In its Petition, AES/SP claims that, in 2007, it entered into a contract with CCPI for the sale of food-grade dry ice pellets. Pet. ¶ 5.  Plaintiff subsequently sold dry ice product to CCPI under that contract. *Id.* ¶ 6.  Thereafter, CCPI was

**NOTICE OF REMOVAL**– Page 1
*ACTIVE 43038144v1*

notified that AES/SP's dry ice product had contaminated chicken food products belonging to CCPI's customer, Defendant OK Foods, Inc. ("OK Foods"). After that claim of contamination, CCPI demanded that AES/SP indemnify CCPI "for any and all claims, losses and/or damages asserted against CCP[I] by OK Foods, and requested a defense and indemnification from AES/SP for any defense costs or liability resulting from OK Foods' claims." *Id.* ¶ 8. AES/SP alleges that the contract between it and CCPI does not, however, provide for any indemnity beyond "willful misconduct" by AES/SP and that "[a]ny purported contamination referenced by CCP[I] was not the result of any willful misconduct of AES/SP[.]" *Id.* ¶ 9. It thus seeks a declaration that "AES/SP is not liable to CCP[I] or OK Foods for any damages, losses or claims" arising out of the contamination caused by AES/SP's dry ice product. *Id.* ¶ 14.

3.      Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on opposing counsel and filed with the clerk of the District Court of LeFlore County.

4.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed before thirty days expired after service. Service of the Petition was made on CCPI's registered agent by certified mail on April 15, 2019.

5.      In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, the following are attached hereto:

A civil cover sheet;

A true and correct copy of the state court docket sheet (attached as Exhibit 1); and

A true and correct copy of all documents filed in the case (attached as Exhibit 2).

## II.    GROUND FOR REMOVAL:  DIVERSITY

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and, therefore, it may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446. Removal under Section 1441 is appropriate because the Plaintiff and the Defendants are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

7.      Venue for removal is proper in the Eastern District of Oklahoma under 28 U.S.C. § 1441(a) because this district embraces the LeFlore County, Oklahoma District Court, the forum in which the removed action is pending.

8.      A written notice attaching a copy of this Notice of Removal is being served on all parties of record and filed with the Clerk of the LeFlore County, Oklahoma District Court, as provided by 28 U.S.C. § 1446(d).

### A.    The Amount in Controversy Exceeds $75,000.

9.      Diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).  A defendant seeking removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

10.     "The amount in controversy is ordinarily determined by the allegations of the complaint or, where they are not dispositive, by the allegations in the notice of removal."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  In actions seeking declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *Lovell v. State Farm Mut.*

**NOTICE OF REMOVAL**– Page 3
*ACTIVE 43038144v1*

*Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (recognizing that "the either the value to the plaintiff or the cost to the defendant of injunctive and declaratory relief [is] the measure of the amount in controversy for purposes of meeting the jurisdictional minimum").

11.     The amount-in-controversy requirement is satisfied in this declaratory judgment action.  In its federal court Complaint against CCPI, OK Foods seeks an amount that exceeds $75,000, and CCPI has filed a Third-Party Complaint in that action seeking indemnification from AES/SP for that claim.  Specifically, OK Foods alleges that its damages are "an unreimbursed loss of no less than $516,740.33 to condemn, store, and dispose of its poultry products."  *See* Compl. ¶ 22 [Dkt. 1], *OK Foods, Inc. v. Continental Carbonic Prods., Inc.*, No. 19-2031 (W.D. Ark. Feb. 15, 2019).  And that is the amount that CCPI seeks to recover from AES/SP under its indemnity claims.  *See* Third-Party Compl. ¶¶ 23, 37, 47, 51 [Dkt. 19], *OK Foods, Inc. v. Continental Carbonic Prods., Inc.*, No. 19-2031 (W.D. Ark. Mar. 25, 2019).  That is the amount in controversy, and it exceeds the $75,000 jurisdictional minimum.

**B.     <u>There is Complete Diversity between the Plaintiff and the Defendants</u>.**

12.     "AES/SP is a Delaware limited liability company with its principle [sic] place of business located in Panama, Oklahoma."  Pet. ¶ 1.  AES/SP is an indirect wholly owned subsidiary of The AES Corporation, which is incorporated in Delaware and headquartered in Virginia.  Plaintiff AES Shady Point, LLC is thus a citizen of Oklahoma, Delaware, and Virginia for diversity jurisdiction purposes.

13.     Defendant OK Foods, Inc. is an Arkansas corporation with its principal place of business in Fort Smith, Arkansas.  OK Foods is thus a citizen of Arkansas for diversity jurisdiction purposes.  28 U.S.C. § 1332(c)(1).

14.     Defendant Continental Carbonic Products, Inc. is an Illinois corporation headquartered in Decatur, Illinois.  CCPI is thus a citizen of Illinois for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(1).

15.     Accordingly, there is complete diversity between Plaintiff (Oklahoma, Delaware, and Virginia) and Defendants (Arkansas and Illinois).

**C.      No Waiver.**

16.     Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of CCPI's right to assert defenses or objections including, without limitation, the defenses of (i) lack of jurisdiction over the person, (ii) improper venue or *forum non conveniens*, (iii) insufficiency or lack of process or service of process, (iv) improper joinder of claims or parties, (v) failure to state a claim, (vi) failure to join an indispensable party, or (vii) any other procedural or substantive defense available under state or federal law.

**D.      Request for Oral Argument in the Event of a Dispute.**

17.     If any question arises as to the propriety of the removal of this action, CCPI requests the opportunity to brief any disputed issues and to present further evidence and oral argument in support of its position that this case was properly removed.

### IV.      CONSENT OF PROPERLY JOINED AND SERVED CO-DEFENDANTS

18.     OK Foods consents to the removal of this action, as indicated by its signing below.

## V.   <u>CONCLUSION</u>

19.    For the foregoing reasons, CCPI hereby removes the above-styled and captioned cause pending in the LeFlore County, Oklahoma District Court to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 and request that further proceedings be conducted in the U.S. District Court of the Eastern District of Oklahoma as provided by law.

Respectfully Submitted,


 /s/*Michael L. Brooks*
Michael L. Brooks
  Oklahoma Bar No. 30021
  michael.brooks@brookslawok.com
THE BROOKS LAW FIRM
7100 N. Classen Blvd., Suite 300
Oklahoma City, OK 73116
Tel.:   (405) 840-1066
Fax:   (405) 843-8446

Christopher M. LaVigne*
  lavignec@gtlaw.com
P. William Stark*
  starkb@gtlaw.com
Christopher S. Dodrill*
  dodrillc@gtlaw.com
GREENBERG TRAURIG, LLP
2200 Ross Ave., Suite 5200
Dallas, TX 75201
Tel.:   (214) 665-3600
Fax:   (214) 665-3601
  *pro hac vice forthcoming

**ATTORNEYS FOR CONTINENTAL CARBONIC PRODUCTS, INC.**

**WRITTEN CONSENT TO REMOVAL**
**OF DEFENDANT OK FOODS, INC.**

/s/ *Dale W. Brown*

Dale W. Brown*
KUTAK ROCK, LLP
234 E. Millsap Road, Suite 200
Fayetteville, AR 72703
Tel.:    (479) 973-4200
Fax:    (479) 973-0007
  **pro hac vice forthcoming*

## CERTIFICATE OF SERVICE

This is to certify that on this 25th day of April, 2019, a true and correct copy of the foregoing has been served on all counsel of record via First Class U.S. mail and email to counsel for all parties:

Counsel for Plaintiff AES Shady Point, LLC:

    Douglas W. Sanders
    Sanders, Sanders & Sullivan, PC
    PO Box 279
    323 Dewey Avenue
    Poteau, OK 74953

    James M. Reed
    Hall, Estill, Hardwick, Gable, Golden & Nelson, PC
    320 South Boston Avenue, Suite 200
    Tulsa, OK 74103-0400

Counsel for Defendant OK Foods, Inc.:

    J.R. Carroll
    Dale W. Brown
    Kutak Rock, LLP
    234 E. Millsap Road, Suite 200
    Fayetteville, AR 72703

                   /s/*Michael L. Brooks*
                   Michael L. Brooks